# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| DAVID NEWMAN, Individually and for Others Similarly Situated, | Case No. 4:20-cv-01636 |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| NES GLOBAL LLC, | |
| Defendant. | FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. NES Global LLC (NES) has failed to pay David Newman (Newman), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. NES paid Newman and its other Putative Class Members shift differential during certain shifts. These payments represented compensation that is primarily for the benefit and convenience of Newman and NES's other hourly employees. The FLSA requires this type of compensation be included in the calculation of Putative Class Members' regular rates for overtime purposes. Because the shift differential was not included in calculating these workers' regular rates of pay, NES's Putative Class Members were not properly compensated at a rate of one-and-one-half times their regular rates—as defined by the FLSA—for all hours worked in excess of 40 hours in a single workweek.

3. Newman brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

6. NES is headquartered in this District in Houston, Texas.

## THE PARTIES

7. Newman was an hourly employee of NES.

8. Newman worked for NES from approximately January 2019 until April 2019.

9. His consent to be a party plaintiff is attached as **Exhibit A**.

10. Newman brings this action on behalf of himself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). NES subjected the Putative Class to the same FLSA violations as Newman, and such a class is properly defined as:

> **All hourly employees who worked for, or on behalf of, NES in the United States who were paid a shift differential in the past three (3) years.** ("Putative Class Members").

11. The identities of the Putative Class Members can be readily ascertained from NES's records.

12. NES is an international corporation with its U.S. headquarters in Houston, Texas.

13. NES may be served by serving its registered agent: Paul Kelly at One Memorial City Plaza, 800 Gessner Road, Suite 310, Houston, Texas 77024.

## COVERAGE UNDER THE FLSA

14. At all relevant times, NES was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, NES was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, NES was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, NES had an annual gross volume of sales made in excess of $1,000,000.

18. At all relevant times, Newman and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. NES is a staffing company that provides recruitment services to the oil and gas industry, among others. *See generally* https://www.NES.com/uoss (Last visited January 9, 2020).

20. Newman worked for NES from approximately January 2019 until April 2019.

21. Newman performed work for NES at its customer's (Duke Energy) Asheville Combined Cycle Station in Asheville, North Carolina.

22. Newman was an Ironworker Forman for NES.

23. As an Ironworker Forman, Newman assisted with the construction of warehouses, observing the quality of construction on site, and operating machinery.

24. Newman reported the hours he worked to NES on a regular basis.

25. NES typically scheduled Newman and the Putative Class Members to work for 10- to 12-hour shifts for up to 7 days a week for weeks at a time.

26. As a result, Newman worked anywhere from 50 to 70 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

27. NES paid Newman a $2/hour shift differential when he worked the night shift.

28. However, NES did not include Newman's shift differential in his regular rate of pay for purposes of calculating his time-and-a-half overtime rate.

| BASIC | 40.00 | 32.0000 | 1280.00 |
| --- | --- | --- | --- |
| OVERTIME EARNIN | 10.00 | 48.0000 | 480.00 |
| BASIC 1 | | | |
| OTHER | 50.00 | 2.0000 | 100.00 |

29. Because the shift differential does not fall within any of the applicable exceptions to inclusion within the regular rate of pay, this payment was a wage that should have been included in Newman's time-and-a-half overtime rate.

30. As such, Newman and the Putative Class Members were not properly compensated as one-and-one-half times his regular rate – as defined by the FLSA – for all overtime worked in excess of 40 hours in a single workweek.

31. NES's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

32. Newman realleges and incorporates by reference all allegations in preceding paragraphs.

33. At all relevant times, NES was an enterprise engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

34. NES employed Newman and the Putative Class Members.

35. NES's pay policy denied Newman and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

36. Specifically, NES violated, and is violating, Section 7 of the FLSA by failing to include the shift differential in the regular rate calculation for overtime purposes.

37. As such, NES has failed to properly pay Newman and the Putative Class Members overtime wages at one-and-one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

38. NES's failure to pay Newman and the Putative Class Members proper overtime violated the FLSA.

39. NES knew, or showed reckless disregard for whether, its conduct violated the FLSA.

40. Newman and the Putative Class Members are entitled to recover their unpaid overtime compensation, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from NES.

## COLLECTIVE CAUSES OF ACTION

41. Newman incorporates all previous paragraphs and alleges that the illegal pay practices NES imposed on Newman were likewise imposed on the Putative Class Members.

42. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

43. Many of these employees have worked with Newman and the Putative Class Members have reported that their hourly regular rate did not include the shift differential for overtime purposes. Even if their precise job titles may differ, the Putative Class Members are all victims of NES's unlawful compensation practices and are similarly situated to Newman in terms of *relevant* job duties, pay provisions, and employment practices.

44. Newman and the Putative Class Members receive the shift differential for their own benefits, but NES does not include these payments in the calculation of regular rates for overtime purposes.

45. The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

46. The shift differential does not fall within the few and narrow regular rate exclusions of the FLSA.

47. NES's failure to include the shift differential into the regular rate calculation for overtime purposes results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

48. NES's failure to pay wages and overtime compensation at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

49. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

50. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

52. Newman demands a trial by jury

## PRAYER

53. Newman prays for relief as follows:

   a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class

    Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order pursuant to Section 16(b) of the FLSA finding NES liable for unpaid back wages due to Newman and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.  For an Order granting such other and further relief as may be necessary and appropriate.

    Respectfully submitted,

By: /s/ *Michael A. Josephson*
  **Michael A. Josephson**
  Texas Bar No. 24014780
  Federal Id. 27157
  **Andrew W. Dunlap**
  Texas Bar No. 24078444
  Federal ID No. 1093163
  **Carl A. Fitz**
  Texas Bar No. 24105863
  Federal Id. 3158237
  **JOSEPHSON DUNLAP LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile
  mjosephson@mybackwages.com
  adunlap@mybackwages.com
  cfitz@mybackwages.com

  **AND**

>Richard J. (Rex) Burch
>Texas Bar No. 24001807
>Federal ID No. 21615
>**BRUCKNER BURCH, PLLC**
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046
>713-877-8788 – Telephone
>713-877-8065 – Facsimile
>rburch@brucknerburch.com
>
>**ATTORNEYS IN CHARGE FOR PLAINTIFF**

8